ARABELLA SPILLMAN, EXRX. v. BALTIMORE & O. S. W. RY.

JUDGMENT ON SPECIAL FINDING NOTWITHSTANDING VERDICT.

Where an answer to a special interrogatory shows the plaintiff in an action to recover for injuries sustained at a railway crossing, was guilty of contributory negligence in not looking for an approaching train, a verdict for such plaintiff should be set aside and judgment rendered for the defendant.

[For other cases in point, see 7 Cyc. Dig., "Trial," §§ 825-835.—Ed.]

ERROR to Hamilton common pleas court.

**Theodore Horstman** and **W. H. Whittaker,** for plaintiff in error.
**Harmon, Colston, Goldsmith & Hoadly,** for defendant in error.

## PER CURIAM.

In this case the court rendered a judgment for the defendant upon certain special interrogatories and answers thereto, notwithstanding the general verdict in favor of the plaintiff. The only interrogatory and answer, if any, that would authorize the court to render judgment in favor of the defendant is as follows:

"Q. Do you find from the evidence that when the decedent, Spillman, was within five feet of the south rail of the east main track, if he had looked to the west for the purpose of ascertaining whether or not a train was approaching the crossing in question, he could have seen the same in time to have avoided the collision? A. Yes."

Spillman v. Railway.

This interrogatory leaves out of consideration all question of any reasonable excuse for not looking in the direction from which the, train was coming. But the evidence, all of which is contained in the bill of exceptions, discloses no such excuse; hence the court was authorized to render judgment upon the answers to the special interrogatories when considered with the undisputed facts. *Cleveland & E. Elec. Ry.* v. *Hawkins,* 64 Ohio St. 391 [60 N. E. Rep. 558].

Judgment affirmed.